UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN H. SOLTIS,

    Plaintiff,

v.

CASE No. 8:14-CV-549-T-TGW

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    Defendant.

## ORDER

The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.[1] Because the Commissioner fails to evaluate the plaintiff's testimony of his frequent nebulizer use, the Commissioner's decision will be reversed and the matter remanded for further proceedings.

I.

The plaintiff, who was fifty-four years old at the time of the administrative hearing and who has a high school education, has worked as an automobile mechanic, furniture assembler, tow truck operator, and sales

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

route truck driver (Tr. 51, 200). He filed claims for Social Security disability benefits and supplemental security income payments, alleging that he became disabled due to bipolar disorder, COPD, emphysema, L4 & L5 vertebrae fused together, "herniated disc in lower back pressing on sciatica," numbness in right leg, hives, hepatitis C, liver, colon cancer, acid reflux, and memory loss (Tr. 199). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of (Tr. 43-44):

> chronic obstructive pulmonary disease (COPD); gastroesophageal reflux disease (GERD); insomnia; cervical spine degenerative disc disease with disc osteophyte complexes, unconvertebral arthropathy, disc protrusion, and radiculopathy; history of cervical spine fusion; lumbar spine degenerative changes and disc space narrowing; chronic hepatitis C; bipolar disorder; major depressive disorder/depressive disorder not otherwise specified (NOS); and alcohol dependence.

He concluded that, with these impairments, the plaintiff (Tr. 46):

> has the residual functional capacity to perform a restricted range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant remains

> able to lift no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. The claimant remains able to stand and/or walk, off and on, for a total of approximately 6 hours of an 8-hour day with sitting occurring intermittently during the remaining time. The claimant would also remain able to sit for a total of approximately 6 hours of an 8-hour day. However, the claimant requires the option to alternate between sitting and standing about every 30 minutes. The claimant remains able to occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl. The claimant is precluded from climbing ladders, ropes or scaffolds. The claimant must avoid concentrated exposure to extreme cold, extreme heat, noise, vibration, hazards, and fumes, odors, dusts, gases, poor ventilation, etc. The claimant remains able to perform no more than 1 to 4-step, routine, repetitive tasks in an environment where there is only occasional contact with co-workers and supervisors, and no contact with the general public.

The law judge found that, with these limitations, the plaintiff could not return to prior work (Tr. 51). However, based upon the testimony of a vocational expert, the law judge determined that the plaintiff could perform jobs that exist in significant numbers in the national economy, such as small parts assembler, bench assembler, and office helper (Tr. 52). The law judge therefore ruled that the plaintiff was not disabled (Tr. 53). The Appeals

Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

In this case, the plaintiff must also show that he became disabled before his insured status expired on March 31, 2007, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952. There is not a similar

requirement with respect to the plaintiff's claim for supplemental security income payments.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by

substantial evidence. <u>Celebrezze</u> v. <u>O'Brient</u>, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff challenges the law judge's decision on two grounds: (1) the law judge failed to give appropriate weight to the opinion of his treating physician, and (2) the law judge did not evaluate his testimony regarding the frequency of his nebulizer treatments and that his medication causes his hands to shake (Doc. 22, p. 2). The plaintiff argues meritoriously that the law judge did not evaluate his testimony that he frequently uses his nebulizer to treat his COPD which, if accepted, may have precluded the plaintiff from gainful employment. Therefore, the matter will be remanded.

The plaintiff testified at the administrative hearing that he is unable to work because of multiple ailments, including COPD. As pertinent here, the following exchange occurred between the plaintiff and his counsel (Tr. 74):

> Q: How does [COPD] affect you?
>
> A: I have a hard time breathing. I have to get on my nebulizer.
>
> Q: Okay. How often do you use the nebulizer for that?
>
> A: I use that about five times a day.
>
> Q: Okay. What's the process of using the nebulizer? How long does it take you to use it? ....
>
> ....
>
> A: If I have it preset–but that doesn't happen too often because I use so much of it–if I have it preset, it'll take about 15 minutes to do the breathing. But it takes about another 10 minutes to get everything al[l] out, mix it all up because I use two solutions, and about another 10, 15 minutes to put it away so it's not out in the open.

The law judge concluded that the plaintiff had a severe impairment of COPD that limited him to light work (Tr. 43, 49). Further, based on the law judge's finding that the plaintiff's "episodes of difficulty

breathing are frequent," he included in the residual functional capacity the option to alternate between sitting and standing every 30 minutes (Tr. 49). Additionally, the law judge restricted the plaintiff from concentrated exposure to temperature extremes and environmental pollutants "[i]n order to help prevent exacerbations of the claimant's COPD" (id.). Thus, it is evident that the law judge found that COPD significantly affected the plaintiff's functioning (Tr. 43, 49).

However, as the plaintiff argues, the law judge failed to evaluate his testimony regarding the frequency of his nebulizer use, which the plaintiff contends renders erroneous the law judge's determination that he was not disabled (Doc. 22, pp. 8-9). The law judge did not mention this testimony in the decision so it is unclear whether he discounted it, or merely overlooked it. Further, if the law judge discounted that testimony, he needed to articulate an adequate explanation for doing so. Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995).

The credibility of this testimony is critical because, if accepted, the time required to perform the nebulizer treatments may have affected the plaintiff's ability to maintain gainful employment. Thus, the plaintiff testified

that he used a nebulizer about 5 times daily, and that each treatment required at least 25-35 minutes (Tr. 74).[2] Therefore, such treatments arguably would have significantly interfered with his work productivity.

Notably, the vocational expert testified that the tolerable amount of time an employee could be off-task and maintain competitive employment would be about 10 percent (Tr. 83-84). Plaintiff's counsel argued at the hearing that the plaintiff's nebulizer use and coughing spells would exceed this threshold (Tr. 84-85).

The law judge "must state specifically the weight accorded each item of [impairment] evidence and the reasons for his decision" on such evidence. Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986). Here, the plaintiff's testimony regarding the frequency of his nebulizer treatments and the time it took to complete each treatment was critical to the disability determination and, therefore, the law judge had to articulate specific reasons for discounting that testimony. See, e.g., Walker v. Bowen, 826 F.2d 996,

---

[2]The plaintiff's testimony regarding his nebulizer treatment is corroborated to some extent. Thus, the record reflects that the plaintiff was consistently prescribed nebulizer medications (see, e.g., Tr. 480, 607, 628). Moreover, not only was the plaintiff prescribed use of a nebulizer four times a day, but also as needed (Tr. 607, 622-23).

1004 (11th Cir. 1987); Owens v. Heckler, 748 F.2d 1511, 1514-15 (11th Cir. 1984). Absent such a finding, meaningful judicial review is not possible.

Notably, the Commissioner does not argue that a failure to evaluate the plaintiff's testimony that he uses the nebulizer five times daily would be harmless error; rather, the crux of the Commissioner's argument is that the testimony was not credible (see Doc. 24, pp. 8-10). Thus, the Commissioner responds that the plaintiff's testimony about his nebulizer treatments was part of his subjective testimony, which the law judge found not entirely credible (id., p. 8). However, since the law judge did not even mention this testimony in the decision, he may have simply overlooked it. Regardless, he did not set forth an adequate explanation for discounting it. Moreover, there is nothing in the law judge's credibility determination that touches on the plaintiff's use of a nebulizer (see Tr. 50-51).

The Commissioner also contends that the plaintiff's testimony was not credible, and cites to record evidence inconsistent with the plaintiff's testimony that he used the nebulizer five times daily (Doc. 24, p. 8). However, the law judge did not make any such finding. Consequently, the Commissioner's argument is simply a post hoc rationalization. Post hoc

rationalizations of litigating counsel do not provide the basis for judicial review of an administrative decision. Motor Vehicle Manufacturers Association of the United States, Inc. v. State Farm Mutual Automobile Insurance Co., 463 U.S. 29, 50 (1983); Baker v. Commissioner of Social Security, 384 Fed. Appx. 893, 896 (11th Cir. 2010). The responsibility for making findings regarding the plaintiff's impairments is placed with the law judge, and not with the Commissioner's lawyer. Accordingly, the Commissioner's argument does not remedy the law judge's failure to evaluate this critical testimony.

As indicated, the plaintiff also argues that the law judge failed to give proper weight to the opinion of his treating physician and did not evaluate his testimony that his hands shake. In light of the determination that a remand is required, which will likely result in a new decision, these other issues are appropriately pretermitted.[3]

It is, therefore, upon consideration

---

[3] The Commissioner arguably could have asserted that any remand should be limited to the plaintiff's supplemental security income application, as there appears to be a lack of evidence connecting the plaintiff's COPD back to his date last insured of March 31, 2007. However, the Commissioner does not assert that contention. Consequently, the remand will be without limitation in that regard.

ORDERED:

That the Commissioner's decision is hereby **REVERSED**, and the matter is **REMANDED** for further consideration. The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 13th day of February, 2015.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE